Timothy C. Williams, Esq., SBN 128520
D. Alexander Floum, Esq., SBN 152287
THE WILLIAMS FIRM
1850 Mt. Diablo Blvd., Suite 340
Walnut Creek, California 94596
Telephone: (925) 933-9800
Facsimile: (925) 933-9810
Email: afloum@williams-firm.com

Attorneys for Plaintiff, TOTAL PROPERTY SOLUTIONS, INC., a California corporation

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TOTAL PROPERTY SOLUTIONS, INC., a California corporation,<br><br>                    Plaintiff,<br><br>v.<br><br>TOTAL PROPERTY SOLUTIONS, LIMITED, a New Mexico corporation,<br><br>                    Defendant. | CASE NO.<br><br>VERIFIED COMPLAINT FOR:<br><br>(1) TRADEMARK INFRINGEMENT (15 U.S.C. § 1114);<br>(2) DECLARATORY RELIEF; AND<br>(3) UNFAIR COMPETITION (15 U.S.C. § 1125); AND<br>(4) UNFAIR COMPETITION (CAL. BUS & PROF. CODE §§ 17200 ET SEQ.);<br><br>**JURY TRIAL DEMANDED** |

Plaintiff, TOTAL PROPERTY SOLUTIONS, INC., a California corporation ("Plaintiff"), alleges as follows:

### Nature of the Action

1. Plaintiff brings this action for trademark infringement under Section 32 of the Lanham Act, 15 U.S.C. § 1114, for declaratory and injunctive relief, and for unfair competition, due to Defendant, TOTAL PROPERTY SOLUTIONS, LIMITED, a New Mexico corporation's ("Defendant") intentional infringement of Plaintiff's federally-registered trademarks.

## The Parties

2. Plaintiff is, and at all times relevant hereto was, a corporation, organized and existing under the laws of the State of California, with its principal place of business located in the City of Pleasant Hill, County of Contra Costa, State of California. Plaintiff has a nationwide presence, as discussed in more detail below.

3. Plaintiff has been engaged in contruction, contractor, home improvement, remodeling and related services since 2005, under the mark TOTAL PROPERTY SOLUTIONS (the "Mark").

4. Defendant is, and at all times relevant hereto, was a corporation, organized and existing under the laws of the New Mexico, with its principal place of business located in the City of Rio Rancho, County of Sandoval, State of New Mexico.

## JURISDICTION, INTRADISTRICT ASSIGNMENT AND VENUE

5. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338(a), 1338(b), and 1367 in that this is an action for trademark infringement, declaratory relief and unfair competition.

6. Plaintiff is informed and believes, and thereon alleges, that the quality and nature of Defendant's contacts with this judicial district and California are so "substantial, continuous and systematic" that due process is not offended. Plaintiff is informed and believes, and thereon alleges, that Defendant purposefully availed itself of the privilege of conducting activities within the state of California and this judicial district and/or that Defendant conducts business in and within the State of California and this judicial district so as to be subject to this Court's *in personam* jurisdiction.

7. Venue is proper under 28 U.S.C. §§ 1400(a), because, on information and belief, Defendant sells goods or services in this district and/or such goods or services are injected into the stream of interstate commerce affecting this judicial district, Plaintiff was injured in this district, infringement has occurred in this district, a substantial part of the events giving rise to these claims occurred in this judicial district, and Defendant has at least the minimum contacts with this district necessary to confirm jurisdiction and venue in this district.

8. Venue is also proper under 28 U.S.C. §§ 1391(b) and (c), as a substantial part of the events giving rise to these claims occurred in this judicial district, and because Defendant is subject to

personal jurisdiction in this judicial district. The instant case is of a type proper in this district.

## RELEVANT FACTS

**Plaintiff's Registered Trademarks**

9. Plaintiff started using the Mark in commerce in 2005 for contruction, contractor, home improvement, remodeling and related services.

10. Plaintiff has continuously used the Mark in commerce for said services.

11. On December 21, 2010, Plaintiff obtained a federal registration for the Mark, being U.S. Trademark Registration Number 3892995, for the following goods and services:

> General building contractor services; building contractor services, namely, painting; housing services, namely, repair, improvement and construction of residential real property; housing services, namely development of real property, namely, repair, improvement, and new construction.

A true and correct copy of the federal registration for the Mark, being U.S. Trademark Registration Number 3892995, is attached hereto as Exhibit "A", and is incorporated herein by this reference.

12. On February 3, 2016, Plaintiff filed a Declaration of Use and Declaration of Incontestability for the Mark in connection with U.S. Trademark Registration Number 3892995.

13. The Declaration of Use and Declaration of Incontestability was accepted by the U.S. Patent and Trademark Office on April 1, 2016. A true and correct copy of the Notice of Acceptance of the Declaration of Use and Declaration of incontestability for U.S. Trademark Registration Number 3892995 is attached hereto as Exhibit "B", and is incorporated herein by this reference. As of April 1, 2016 at the latest, the Mark became incontestable.

14. Plaintiff has obtained two other federal trademark registrations in connection with the Mark.

15. Specifically, on December 21, 2010, Plaintiff obtained a federal registration for the Mark, being U.S. Trademark Registration Number 3892994, for the following goods and services: Real estate services, namely, rental property management; real estate services, namely, commercial

property management; real estate services, namely management services for condominium associations, homeowner associations and apartment buildings. On April 1, 2016, the Mark became incontestable in connection with the services covered in U.S. Trademark Registration Number 3892994.

16. And on August 2, 2011, Plaintiff obtained a federal registration for the Mark, being U.S. Trademark Registration Number 4007140, for the following goods and services: Residential real estate agency services; commercial real estate agency services; real estate brokerage; real estate consultation; real estate consultancy; providing information in the field of real estate via the Internet; providing real estate listings and real estate information via the Internet.

**<u>Defendant's Infringement</u>**

17. Defendant started using the Mark in commerce many years after Plaintiff.

18. Plaintiff is informed and believes, and thereon alleges, that Defendant did not commence using the Mark until 2012, at the earliest. For example, Plaintiff is informed and believes, and thereon alleges, that Defendant did not incorporate using the Mark as its trade name until February 3, 2012. And Defendant did not obtain a contractor's license under the MARK until April 19, 2012.

19. Moreover, several references on the World Wide Web of the Internet state that Defendant has been in business "since 2012."

20. In other words, Defendant started using its infringing mark some <u>7 years after</u> Plaintiff used the Mark in commerce, and <u>2 years after</u> Plaintiff obtained federal registrations of its Mark.

21. Defendant uses the identical mark to Plaintiff's registered Mark: TOTAL PROPERTY SOLUTIONS.

22. Defendant uses its infringing mark for identical or virtually identical services to those of Plaintiff. Defendant's services can be described as "light commercial interior, full service residential builder/remodeler." If the parties' services are at all different, which Plaintiff denies, then the reasonable potential consumer would assume that Plaintiff is expanding into Defendant's type of

1045.01

services.

Cease and Desist Letters; Willful Infringement

23. On April 12, 2016, Plaintiff's counsel sent a cease and desist letter to Defendant, demanding that Defendant stop using its infringing mark in commerce, and that Defendant stop unfairly competing with Plaintiff. A true and correct copy of the April 12, 2016, letter is attached hereto as Exhibit "C", and is incorporated herein by this reference.

24. On April 14, 2016, Defense counsel sent a response to Plaintiff's cease and desist letter stating:

> [Defendant] respectfully declines to either cease and desist from any of its business operations in New Mexico or to deliver any of its business assets to your client.
>
> **[Defendant] insists on its right to do business as Total Property Solutions** in New Mexico ….
>
> [Defendant] will not voluntarily comply with the demands in your April 12, 2016 letter.

(Emphasis added). A true and correct copy of the April 14, 2016, letter is attached hereto as Exhibit "D", and is incorporated herein by this reference.

25. On May 24, 2016, Plaintiff's counsel sent another cease and desist letter to Defendant, stating, *inter alia*:

> Please immediately inform me whether you will reconsider your indefensible position.
>
> \*\*\*
>
> If not, then Total Property Solutions may pursue all available legal remedies, including intentional trademark infringement.

A true and correct copy of the May 24, 2016, letter is attached hereto as Exhibit "E", and is incorporated herein by this reference.

26. On May 25, 2016, Defense counsel sent Plaintiff's counsel an email stating:

> I have relayed the information in your recent email message to [Defendant]. The company stands by its position as described in my letter to you dated April 14, 2016. [Defendant] is not willing to surrender its internet domain or change the name of its business. The company claims the right to use the name TPSNM in its business dealings with the public and its customers in New Mexico.

> At this point, the Company is not interested in either compromising the claims you have made or in debating its legal position. It's intent is to continue doing business in New Mexico ....
>
> If you have any questions about [Defendant's] position, please let me know.

A true and correct copy of the May 25, 2016, letter is attached hereto as Exhibit "F", and is incorporated herein by this reference

27. Defendant's actions constitute trademark infringement and unfair competition.

28. Defendant's infringing mark is likely to cause members of the public mistakenly to believe that Defendant's services originate with or are rendered by or in affiliation with, or under sponsorship or license from, or with the approval of, Plaintiff.

29. Defendant's use of a confusingly similar mark is likely to and does permit Defendant to misappropriate and unfairly trade on the valuable goodwill and reputation of Plaintiff and will subject that goodwill and reputation in Plaintiff's Mark to the hazards and perils attendant upon Defendant's business activities, over which Plaintiff has no control.

30. Plaintiff is informed and believes, and based on that information and belief alleges, that Defendant with actual knowledge of the public's identification of Plaintiff's Mark with Plaintiff and its goods and services, intentionally began use of the confusingly similar trade name and service mark, and as a result has misled and deceived the public into believing that Defendant's services, which are substantially identical to Plaintiff's services, are affiliated with or sponsored or approved by Plaintiff.

31. The use and advertisement by Defendant of a trade name and service mark confusingly similar to Plaintiff's Mark, the commencement and continuation of such use, and all of the other acts of Defendant, as alleged above in this complaint, create the likelihood that the public will be confused as to the source, sponsorship or affiliation of the services of Defendant. Defendant has caused and, unless restrained by this court, will continue to cause Plaintiff substantial damage and irreparable injury by such unlawful acts. Such wrongful acts have caused and will continue to cause grave injury to the public as well.

32. Plaintiff is informed and believes, and based on such information and belief alleges, that Defendant's acts as alleged above are likely to cause, have caused and are now causing confusion, mistake, and deception in the public mind, and that many persons believe and are likely to believe that

Defendant's goods and services are rendered by Plaintiff or are sponsored, approved, endorsed or in some way legitimately connected with Plaintiff.

33. In addition, Defendant's claim of a right to use the Mark forces Plaintiff to file a declaratory relief action in order to determine his rights in the Mark, and to stop Defendant from continuing to use the infringing mark and unfairly competing with Plaintiff.

## FIRST CAUSE OF ACTION
### Infringement of Trademark
### (Violation of 15 U.S.C. § 1114.)
**(Against Defendant, TOTAL PROPERTY SOLUTIONS, LIMITED )**

34. Plaintiff refers to the allegations contained in paragraphs 1 through 33, inclusive, and incorporates those allegations herein as though fully set forth.

35. Plaintiff has used the Mark continuously since 2005, to identify its contruction, contractor, home improvement, remodeling and related services. Plaintiff has prominently displayed the Mark in advertising and other media. Plaintiff has appeared numerous times on national television, and the Mark has been prominently displayed in connection with Plaintiff's services in such national shows. Plaintiff and Defendant operate websites using the Mark in connection with their services, and both websites are viewed by potential customers nationwide.

36. Plaintiff contends that its Mark is arbitrary, fanciful, or inherently distinctive. Alternatively, the Mark became inherently distinctive and acquired secondary meaning. In any event, the Mark is incontestable.

37. As a result of the association by purchasers of the Mark with Plaintiff, Defendant's use of the Mark is likely to cause confusion to such actual and potential purchasers.

38. Indeed, Plaintiff has been informed by existing and potential customers of confusion between Plaintiff and Defendant's services and their respective marks.

39. Defendant's services are advertised and promoted in the same channels of trade and are directed to the same consumers as Plaintiff's services.

40. Plaintiff is informed and believes, and thereon alleges, that Defendant has infringed Plaintiff's Mark as alleged with the intent to deceive the public into believing that services sold by Defendant are made by, approved by, sponsored by or affiliated with, Plaintiff. Defendant's acts, as

alleged, were committed with the intent to pass off and palm off Defendant's services as the services of Plaintiff, and with the intent to deceive and defraud the public.

41. Defendant, without Plaintiff's consent, has used in commerce a mark confusingly similar to the Mark in connection with contruction, contractor, home improvement, remodeling and related services, which use is likely to cause confusion, or to cause mistake or to deceive, or to convey false designations of origin and false and misleading representations of fact that are likely to cause confusion, or to cause mistake, or to deceive as to the source, endorsement, sponsorship, affiliation, connection or association of Defendant's services with Plaintiff and its services.

42. Plaintiff is informed and believes, and based thereon alleges, that Defendant knew about Plaintiff and Plaintiff's use of the Mark ever since Defendant first started offering services in the contruction, contractor, home improvement, remodeling and related service. business, many years after Plaintiff started using the Mark in commerce and subsequent to Plaintiff's acquisition of secondary meaning in its Mark.

43. On information and belief, Defendant chose and has used the infringing mark with the intention and purpose of trading on the valuable goodwill associated with Plaintiff and the Mark.

44. Plaintiff is informed and believes, and based thereon alleges, that Defendant's infringement was intentional and malicious, undertaken with oppression, malice, fraud, the intent to deprive Plaintiff of property, legal rights, or otherwise cause injury, and was despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages to make an example of and to punish said Defendant, in addition to actual damages.

45. By reason of the above-mentioned unlawful acts by Defendant, it has become necessary for Plaintiff to employ the Williams Firm to commence and prosecute this action, with the reasonable value of services as counsel in this action to be determined by the Court at the time of trial.

46. The aforesaid acts of the Defendant has caused, and are causing, great and irreparable harm and damage to Plaintiff and unless permanently restrained by this Court, said irreparable injury will continue.

47. Plaintiff has no adequate remedy at law.

## SECOND CAUSE OF ACTION
## Declaratory Relief
### (Against Defendant, TOTAL PROPERTY SOLUTIONS, LIMITED )

48. Plaintiff refers to the allegations contained in paragraphs 1 through 47, inclusive, and incorporates those allegations herein as though fully set forth.

49. Plaintiff has used the Mark continuously since 2005, to identify its contruction, contractor, home improvement, remodeling and related services. Plaintiff has prominently displayed the Mark in advertising and other media. Plaintiff has appeared numerous times on national television, and the Mark has been prominently displayed in connection with Plaintiff's services in such national shows. Plaintiff and Defendant operate websites using the Mark in connection with their services, and both websites are viewed by potential customers nationwide.

50. Plaintiff contends that its Mark is arbitrary, fanciful, or inherently distinctive. Alternatively, the Mark became inherently distinctive and acquired secondary meaning. In any event, the Mark is incontestable.

51. Defendant's use of the Mark is likely to cause confusion to such purchasers.

52. Defendant has infringed Plaintiff's Mark.

53. Plaintiff futher contends that Defendant, without Plaintiff's consent, has used in commerce a mark confusingly similar to the Mark in connection with contruction, contractor, home improvement, remodeling and related services, which use is likely to cause confusion, or to cause mistake or to deceive, or to convey false designations of origin and false and misleading representations of fact that are likely to cause confusion, or to cause mistake, or to deceive as to the source, endorsement, sponsorship, affiliation, connection or association of Defendant's services with Plaintiff and its services.

54. Plaintiff further contends that Defendant has unfairly competed with Plaintiff, as set forth in detail below, by intentionally confusing existing and customers into thinking that thinking that they are dealing with Plaintiff.

55. Defendant contends that its use of the infringing mark in commerce to provide with contruction, contractor, home improvement, remodeling and related services does not constitute trademark infringement or unfair competition.

56. Defendant further contends that it is not unfairly competing with Plaintiff.

57. Defendant has encouraged Plaintiff to seek a declaratory judgment regarding the parties' rights. Specifically, in response to attempts to resolve the dispute amicably by Plaintiff's counsel, Defense counsel wrote a letter on April 14, 2016, stating, "[Defendant] **insists on its right to do business as Total Property Solutions** in New Mexico …" (emphasis added). In addition, defense counsel wrote a letter to Plaintiff's counsel on May 25, 2016 stating, "**The company claims the right to use the name** TPSNM [i.e. Total Property Solutions of New Mexico] in its business dealings with the public and its customers in New Mexico" (emphasis added).

58. An actual, present and justiciable controversy has arisen between Plaintiff and Defendant concerning Defendant's rights, if any, to use the infringing mark in connection with contruction, contractor, home improvement, remodeling and related services.

59. Plaintiff seeks declaratory judgment from this Court that Plaintiff is the senior user of the Mark, and that Defendant has no right to use the infringing mark in connection with with contruction, contractor, home improvement, remodeling and related services, especially in a manner which confuses existing customers and/or potential customers as to the origin of services they purchase or consider purchasing.

### THIRD CAUSE OF ACTION
### Unfair Competition (15 U.S.C. § 1125)
**(Against Defendant, TOTAL PROPERTY SOLUTIONS, LIMITED )**

60. Plaintiff refers to the allegations contained in paragraphs 1 through 59, inclusive, and incorporates those allegations herein as though fully set forth.

61. Plaintiff has used the Mark continuously since 2005, to identify its contruction, contractor, home improvement, remodeling and related services. Plaintiff has appeared numerous times on national television, and the Mark has been prominently displayed in connection with Plaintiff's services in such national shows. Plaintiff has prominently displayed the Mark in advertising and other media. Plaintiff and Defendant operate websites using the Mark in connection with their services, and bothwebsites are viewed by potential customers nationwide.

62. Plaintiff contends that its Mark is arbitrary, fanciful, or inherently distinctive. Alternatively, the Mark became inherently distinctive and acquired secondary meaning. In any event,

1045.01

the Mark is incontestable.

63. As a result of the association by purchasers of the Mark with Plaintiff, Defendant's use of the Mark is likely to cause confusion to such purchasers.

64. Plaintiff is informed and believes, and thereon alleges, that Defendant has infringed Plaintiff's Mark as alleged with the intent to deceive the public into believing that services sold by Defendant are made by, approved by, sponsored by or affiliated with, Plaintiff. Defendant's acts, as alleged, were committed with the intent to pass off and palm off Defendant's services as the services of Plaintiff, and with the intent to deceive and defraud the public.

65. Defendant's actions, including but not limited to, trademark infringement of the Mark and other acts constitute unfair competition and a violation of Plaintiff's rights in and to the Mark.

66. Upon information and belief, Defendant has derived substantial revenue from the sale of services using the infringing mark, which revenue it is not entitled to retain.

67. Such actions are unlawful, unfair and fraudulent and deceptive business acts or practices which thus violate California Business and Professions Code Sections 17200 et seq. As a direct and proximate result of Defendant's activities, Plaintiff has been damaged and continues to be damaged, and has no adequate remedy at law.

68. As a proximate result of the above-mentioned acts of Defendant, Plaintiff is informed and believes, and thereon alleges, that it has been deprived of the patronage of actual and potential customers, all to its damage in a sum according to proof at trial.

69. Plaintiff is entitled to recover the damages it has sustained and will continue to sustain until Defendant has ceased using the infringing mark, including disgorgement of any and all profits, goodwill, or other value obtained by the Defendant as a result of the infringement. Plaintiff is further entitled to injunctive relief to halt and restrain Defendant's infringing acts.

70. Plaintiff is informed and believes, and based thereon alleges, that Defendant's infringement was intentional and malicious, undertaken with oppression, malice, fraud, the intent to deprive Plaintiff of property, legal rights, or otherwise cause injury, and was despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages to make an example of and to punish said

Defendant, in addition to actual damages.

71. By reason of the above-mentioned unlawful acts by Defendant, it has become necessary for Plaintiff to employ the Williams Firm to commence and prosecute this action, with the reasonable value of services as counsel in this action to be determined by the Court at the time of trial.

## FOURTH CAUSE OF ACTION
## Unfair Competition (Cal. Bus & Prof. Code §§ 17200 Et Seq.)
## (Against Defendant, TOTAL PROPERTY SOLUTIONS, LIMITED )

72. Plaintiff refers to the allegations contained in paragraphs 1 through 71, inclusive, and incorporates those allegations herein as though fully set forth.

73. Plaintiff has used the Mark continuously since 2005, to identify its contruction, contractor, home improvement, remodeling and related services. Plaintiff has prominently displayed the Mark in advertising and other media. Plaintiff and Defendant operate websites using the Mark in connection with their services, and bothwebsites are viewed by potential customers nationwide.

74. Plaintiff contends that its Mark is arbitrary, fanciful, or inherently distinctive. Alternatively, the Mark became inherently distinctive and acquired secondary meaning. In any event, the Mark is incontestable.

75. As a result of the association by purchasers of the Mark with Plaintiff, Defendant's use of the Mark is likely to cause confusion to such purchasers.

76. Plaintiff is informed and believes, and thereon alleges, that Defendant has infringed Plaintiff's Mark as alleged with the intent to deceive the public into believing that services sold by Defendant are made by, approved by, sponsored by or affiliated with, Plaintiff. Defendant's acts, as alleged, were committed with the intent to pass off and palm off Defendant's services as the services of Plaintiff, and with the intent to deceive and defraud the public.

77. Defendant's actions, including but not limited to, trademark infringement of the Mark and other acts constitute unfair competition and a violation of Plaintiff's rights in and to the Mark.

78. Upon information and belief, Defendant has derived substantial revenue from the sale of services using the infringing mark, which revenue it is not entitled to retain.

79. Such actions are unlawful, unfair and fraudulent and deceptive business acts or practices which thus violate California Business and Professions Code Sections 17200 et seq and

California common law on unfair competition. As a direct and proximate result of Defendant's activities, Plaintiff has been damaged and continues to be damaged, and has no adequate remedy at law.

80. As a proximate result of the above-mentioned acts of Defendant, Plaintiff is informed and believes, and thereon alleges, that it has been deprived of the patronage of actual and potential customers, all to its damage in a sum according to proof at trial.

81. Plaintiff is entitled to recover the damages it has sustained and will continue to sustain until Defendant has ceased using the infringing mark, including disgorgement of any and all profits, goodwill, or other value obtained by the Defendant as a result of the infringement. Plaintiff is further entitled to injunctive relief to halt and restrain Defendant's infringing acts.

82. Plaintiff is informed and believes, and based thereon alleges, that Defendant's infringement was intentional and malicious, undertaken with oppression, malice, fraud, the intent to deprive Plaintiff of property, legal rights, or otherwise cause injury, and was despicable conduct that subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary and punitive damages to make an example of and to punish said Defendant, in addition to actual damages.

83. By reason of the above-mentioned unlawful acts by Defendant, it has become necessary for Plaintiff to employ the Williams Firm to commence and prosecute this action, with the reasonable value of services as counsel in this action to be determined by the Court at the time of trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for a judgment of this Court, against Defendant, as follows:

A. Enter judgment declaring that Plaintiff is the senior user of the Mark, and that Defendant has no right to use the infringing mark in connection with with contruction, contractor, home improvement, remodeling or related services, especially in a manner which confuses existing customers and/or potential customers as to the origin of services they purchase or consider purchasing

B. That Defendant, its agents, officers, servants, employees, successors and/or assigns, and all persons or companies in active concert and/or participation with Defendant, be preliminarily and permanently enjoined and restrained from:

(1) using any service mark, trademark, or trade name in connection with the advertisement, promotion, offering or rendering of contruction, contractor, home improvement, remodeling and related services that imitate or simulate Plaintiff's Mark;

(2) using any service marks, trademarks, trade name, trade dress, any words, names or devices which by colorable imitation or otherwise is likely to misrepresent the nature, characteristics or qualities of Defendant's goods or an association of Defendant's goods with those of the Plaintiff;

(3) falsely designate the original of Defendant's services as being affiliated with or sponsored or approved by Plaintiff; and

(4) continuing any and all acts of unfair competition as herein alleged.

C.  That Plaintiff be awarded:

(1)  All amounts recoverable under 15 U.S.C. § 1117 et seq.;

(2)  its reasonable attorneys' fees because this is an exceptional case under 15 U.S.C. § 1117;

(3) General, compensatory and other damages in a sum according to proof at trial;

(4) Punitive and exemplary damages; and

(4) Such other and further relief as the Court may deem just and proper.

D.  That Defendant be directed to: (1) recall from their agents and customers all copies of catalogs, clothing or other items which contain or include the infringing mark; (2) deliver to Plaintiff for destruction all products, designs, artwork, advertising, brochures, catalogs, promotional materials, means of manufacture and/or other materials, which, if sold, distributed or used in any way would violate Paragraph A above; (3) provide an accounting to Plaintiff including, at least, the dollar value of all gross income received from services Defendant provided using the infringing mark; and (4) provide a list of all entities and individuals to whom services has been provided in association with the infringing mark.

E.  That Plaintiff recover from Defendant all costs incurred in this action, including

///

///

///

attorneys fees, together with such other and further relief as this Court may deem just and proper.

Dated:   May 25, 2016

Respectfully Submitted,

_____
D. Alexander Floum, Esq.
THE WILLIAMS FIRM
1850 Mt. Diablo Blvd., Suite 340
Walnut Creek, California 94596
Telephone: (925) 933-9800
Facsimile: (925) 933-9810
Email: afloum@williams-firm.com

Attorneys for Plaintiff,
TOTAL PROPERTY SOLUTIONS, INC., a California corporation

## DEMAND FOR JURY TRIAL

Plaintiff demands that this action be tried to a jury.

Respectfully Submitted,

Dated: May 31, 2016

_____
D. Alexander Floum, Esq.
THE WILLIAMS FIRM
1850 Mt. Diablo Blvd., Suite 340
Walnut Creek, California 94596
Telephone: (925) 933-9800
Facsimile: (925) 933-9810
Email: afloum@williams-firm.com

Attorneys for Plaintiff,
TOTAL PROPERTY SOLUTIONS, INC.

16
VERIFIED COMPLAINT
1045.01

## VERIFICATION

I, Hunter R. Miley, am President of Total Property Solutions, Inc., Plaintiff in this action, and I make this verification for that reason. I am authorized to make this verification on behalf of the Plaintiff. I have read the foregoing Verified Complaint and know its contents. The matters stated in it are true of my own knowledge, except as to those matters which are stated on information and belief, and to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed this 31st day of May, 2016, at Pleasant Hill, California.

_____
Hunter R. Miley

1045.01